

FILED
IN CLERKS OFFICE
2010 JAN -7 A 8 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

U.S. Department of Justice

**Carmen M. Ortiz**
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 5th 2010
~~December 24, 2009~~

Peter E. Ball, Esq.
Sally & Fitch LLP
One Beacon Street
Boston, Massachusetts 02108

10 cr 10003

Re: United States v. The Rockmore Company, Inc.

Dear Counsel:

This letter sets forth an agreement between the United States Attorney for the District of Massachusetts (hereinafter "the United States Attorney"), and your client, The Rockmore Company, Inc. ("Defendant"). The agreement is as follows:

1. **Guilty Plea**

Defendant agrees to enter a plea of guilty to the attached Information charging it with two counts of violating 33 U.S.C. §§ 407 and 411 (the Refuse Act). Defendant expressly and unequivocally admits that it in fact committed the two crimes charged in the Information, and is in fact guilty of the offenses. By entering the guilty plea, Defendant hereby waives all objections to the form of the charging document.

2. **Penalties**

Defendant understands that the maximum statutory penalties for a corporate defendant for a violation of 33 U.S.C. §§ 407 and 411 are: a fine of two hundred thousand dollars or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. §§ 3571(c) and (d); a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(2); and a special assessment of one hundred-twenty-five dollars ($125.00), pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

3.  Sentencing Guidelines

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG") promulgated by the United States Sentencing Commission provide guidance for the sentencing of corporate defendants, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the Guidelines that pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

4.  Corporate Authorization

Defendant will enter its guilty pleas through its president, Peter Noyes. Within one week of the execution of this plea agreement, Defendant will provide to the United States Attorney and to the Court written evidence, in the form of a notarized resolution of its Board of Directors, certifying that Defendant is authorized to plead guilty to the Information in this case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that Peter Noyes has been approved by Defendant's board of directors to enter the guilty pleas, and that all such corporate formalities to effectuate such authorization have been observed.

5.  Agreed Disposition

The United States Attorney and Defendant agree pursuant to Fed.R.Crim.P. 11(c)(1)(C) that the following is the appropriate disposition of this matter:

    A.  Total Monetary Payment. At the time of sentencing, Defendant shall make total monetary payments of $300,250.00, which is comprised of a fine, special assessment, and community service payment.

        1.  Fine. At the time of sentencing, Defendant shall pay a total criminal fine in the amount of $225,000.00 to be tendered by check to "Clerk, United States District Court, District of Massachusetts."

        2.  Mandatory Special Assessment. At the time of sentencing, Defendant shall pay a special assessment of $250.00 to be tendered by check to "Clerk, United States District Court, District of Massachusetts."

        3.  Community Service Payment. At the time of sentencing, Defendant shall make a community service payment in the amount of $75,000.00 to the Massachusetts Environmental Trust ("MET"), an agency of the Commonwealth of Massachusetts established pursuant to M.G.L., ch. 236, § 7. The funds shall be used without undue delay by MET, or by non-profit organizations selected by

2

MET (and in no event later than three years after the entry of this plea agreement), following the issuance of a request for proposals and review of submitted proposals, exclusively for water quality projects along the Massachusetts coast, with preference for qualified projects in Salem Harbor. MET shall provide an annual report to the U.S. Attorney's Office describing the projects for which any of the funds were expended, including the amount of funds expended and the source(s) and amount of any matching funds. The first report shall be due six months after the date of sentencing. Any failure by MET to comply with the obligations set out in this paragraph has no effect on this agreement between the United States Attorney and Defendant.

Because the community service payment is designated as community service by an organization, Defendant further agrees that it will not seek any reduction in its tax obligations as a result of this community service payment. In addition, since these payments constitute community service, Defendant will not characterize, publicize or refer to this community service payment as a voluntary donation or contribution.

B. <u>Probation</u>. Defendant will be placed on probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(2) and USSG §§ 8D1.1 and 8D1.2.

C. <u>Public Apology</u>. At Defendant's own expense and within ten days after sentencing, Defendant shall publish a half-page apology in the Boston Herald, and full-page apologies in the following newspapers, which serve coastal communities in Eastern Massachusetts with ferry services: The Salem News, The New Bedford Standard-Times, and The Cape Cod Times. The apology shall consist of the following statement:

*We, The Rockmore Company, sincerely apologize for contaminating the coastal waterways of Massachusetts. Our business operations include ferry service along the North Shore aboard the Salem-based P/V Hannah Glover and a lunch and dinner barge in Salem Harbor called the P/V Rockmore. Our company has discharged human waste directly into coastal Massachusetts waters. For these actions, we have paid a steep fine and have pleaded guilty to criminal charges. We are sorry.*

At the bottom of the apology, the name "The Rockmore Company" shall appear in font that is twice the size of the font of the apology.

D. <u>Special Conditions of Probation</u>. Defendant agrees to the following special conditions of probation:

3

1. Defendant shall not discharge sewage from the *P/V Hannah Glover*, the *P/V Rockmore* lunch and dinner barge, or any vessel under its control into any waterway.

2. Defendant shall not violate any federal, state or local environmental law.

3. Defendant shall dispose of the sewage generated on the *P/V Hannah Glover*, the *P/V Rockmore* lunch and dinner barge and any vessel under its control by pumping it into a municipal sewer pipe in Salem or Marblehead, provided that such use has been duly approved by the City of Salem or the Town of Marblehead. If, for whatever reason, such facilities are not available, Defendant must utilize, at its own expense, the services of a sewage disposal truck. Defendant's disposal of sewage from the *P/V Rockmore* may be accomplished by transfer to the *P/V Hannah Glover* or other vessels under Defendant's control. If Defendant wishes to utilize a different pump out station, it may do so only after obtaining the written assent of the United States Attorney and the probation office, which assent will not be unreasonably withheld.

   Defendant's disposal of sewage using the discharge pipes described above may be accomplished by pumping the sewage into other vessels under Defendant's control that in turn pump the sewage into the discharge pipes. If Defendant operates any vessels outside of Massachusetts, Defendant must utilize at its own expense either the services of a sewage disposal truck or boat, or obtain the written assent of the United States Attorney and the probation office to utilize an out-of-state pump out station or other legal means of disposal, which assent will not be unreasonably withheld.

4. Defendant shall maintain all of its business records, including electronic records, created or received during the period of probation, concerning (i) sewage retention or disposal, (ii) items 5.D.5.a. and 5.D.5.b, below, and (iii) daily business volume of the *Rockmore*, along with employee time sheets and schedules, and make such records available to the Coast Guard and the probation office promptly upon request.

5. At the end of each month, Defendant shall report to the Coast Guard's designated representative the following information:

   a. For each cruise of any vessel: the date and beginning and ending times of the cruise, the

4

       destination, number of persons on board, and the names of all crew members; and

   b. For each disposal of sewage from any vessel: the date and time, the volume of sewage, where the disposal took place, and the identity of the person performing the discharge.

  All reports to the Coast Guard will be accompanied by a signed certification from Defendant's president, Peter Noyes, as follows: "I, Peter Noyes, hereby certify under the pains and penalties of perjury that the foregoing information is correct, to the best of my knowledge, information and belief."

6. Before the entry of its guilty pleas, Defendant shall tender to the United States Attorney a duly executed contract between Defendant and Peter Noyes that names the United States Attorney as a third-party beneficiary, in which Peter Noyes guarantees that the operation of the *P/V Hannah Glover* and the *P/V Rockmore* shall comply with the conditions of Defendant's probation so long as the vessels are operated by an entity for which Noyes is an officer, director or shareholder. Nothing in this agreement is intended to require Defendant to continue its business operations.

6. <u>Application of the Agreement</u>.

As part of this agreement and solely because of the promises made by Defendant in this agreement, the United States Attorney agrees not to prosecute Defendant for any other crimes in addition to those set forth in the Criminal Information, that relate to the subject matter of this investigation, and that are known to the United States Attorney at the time of the signing of this agreement. This agreement shall bind Defendant, and its subsidiaries and successors. Defendant shall provide each undersigned prosecuting office and the United States Probation Office with prior notice of any name change, business reorganization, sale or divestiture or similar action affecting this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

7. <u>Who is Bound by the Agreement</u>

Defendant understands and agrees that, with the exception of the U.S. Attorney's Office for the District of Massachusetts, neither this paragraph nor this agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this agreement does not provide or promise any waiver of any civil or

administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

This agreement does not limit the right of Defendant or the United States Attorney to speak at the time of sentencing or in connection with any pre-sentence investigation to provide the Court or the United States Probation Office with evidence of all relevant conduct committed by Defendant.

### 8. Probation Office Not Bound by Agreement

The sentencing disposition agreed upon by the parties is not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw its plea of guilty unless the sentencing judge rejects this agreement. If the sentencing judge rejects this agreement, this agreement shall be null and void at the option of either the United States Attorney or Defendant. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act, except to the extent that such defenses existed as of the date of the signing of this agreement.

### 9. Defendant's Statement of Facts

Defendant further agrees that, should the Court require a Presentence Report, it will provide all relevant information requested by the United States Probation Office.

### 10. Withdrawal of Plea Agreement

Should Defendant move to withdraw its guilty plea at any time, this agreement shall be null and void at the option of the United States Attorney.

### 11. Breach of Agreement

If the United States Attorney determines that Defendant has failed to comply with any provision of this agreement during the pendency of this agreement, the United States Attorney may, at its sole option, be released from its commitments under this agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The United States Attorney may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this agreement.

Defendant recognizes that no such breach by it of any obligation under this agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the United States Attorney will have the right to use

against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the United States Attorney pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act for 90 days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this agreement.

12.   Complete Agreement

This agreement is the complete and only agreement between the parties. No promises, agreements or conditions have been entered into other than those set forth in this letter. This agreement supersedes prior understandings, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

13.   Other Representations

The United States Attorney represents that, based on the information now known to the United States Attorney, neither West Shore Marine, Inc. nor or its officers, directors or shareholders, nor the Defendant's officers, directors or shareholders, is a target of a criminal investigation in connection with the events alleged in the Information, and that the United States Attorney does not have a present intention of investigating or prosecuting any of those entities or persons for those events or actions related to the investigation of those events.

By letter dated December 23, 2009, the U.S. Coast Guard informed defense counsel that based on the information currently known to the Coast Guard, neither West Shore Marine, Inc., nor its officers, directors or shareholders, is a target of any adverse civil or administrative proceedings, including actions for damages or license revocation, in connection with the events alleged in the information, and that the Coast Guard does not have a present intention of investigating or taking administrative or civil action against any of those entities or persons for those events or actions related to the investigation of those events.

In the same letter, the Coast Guard informed defense counsel that it will not take any civil or administrative action against Defendant, including actions for damages or license revocation, to the extent any such civil or administrative action relates to the illegal discharge of sewage, as described in the Information, through the date of this agreement.

If this letter accurately reflects the agreement entered into between the United States Attorney and Defendant, please sign the Acknowledgment of Plea Agreement below, and affix Defendant's corporate seal. Please also have the signatures of the corporate signatories notarized. In addition, please provide a copy of the requisite authorization by Defendant's directors to enter into this agreement (the original to be provided to the Court). Return the original of this letter to Assistant United States Attorney Jonathan F. Mitchell.

Sincerely,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
JOHN T. MCNEIL
Acting Deputy Chief,
Criminal Division
JONATHAN F. MITCHELL
Assistant U.S. Attorney
LCDR RUSSELL E. BOWMAN, U.S.C.G.
LCDR CASSIE A. KITCHEN, U.S.C.G.
Special Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter of agreement in its entirety, and have discussed it with the directors of The Rockmore Company, Inc. and with its attorneys. I hereby represent that I am an officer of Defendant corporation and that I am duly authorized to enter into this agreement. I hereby acknowledge that this letter of agreement fully sets forth the agreement between The Rockmore Company and the United States Attorney. I further state that there have been no additional promises or representations made to or for the benefit of The Rockmore Company by any officials of the United States Attorney in connection with this matter.

_____
For Defendant

Date: JAN 0 5 2010

Corporate Seal: **COMMONWEALTH OF MASSACHUSETTS COUNTY OF ESSEX SS:**

Notary Acknowledgment and Seal:

MARK C. DEWLING
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES MAY 11, 2012

I certify that this plea agreement letter has been reviewed by a duly authorized official of The Rockmore Company and that he understands its terms.

_____
Date: January 6, 2010
Peter E. Ball, Esq.
Counsel for The Rockmore Company

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2010 JAN -7 A 8: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No. |
| v. | ) |
| THE ROCKMORE COMPANY, INC. | ) |
| Defendant. | ) |

## EXHIBITS SUPPORTING THE PLEA AGREEMENT

The United States hereby submits the attached exhibits in support of the Plea Agreement filed herewith.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By: /s/
JONATHAN F. MITCHELL
Assistant U.S. Attorney



Case 1:10-cr-10003-JLT   Document 2   Filed 01/07/10   Page 12 of 12

